---------------
 Justice AGEE, concurring in part and dissenting in part.
 

 I join the majority in affirming that portion of the Court of Appeals judgment that (1) Hilliard failed to properly preserve his Sixth Amendment claim for appeal and (2) neither of Hilliard's first two purported requests for an attorney constituted a clear invocation of his right to counsel. However, I write separately because I disagree that Hilliard's third alleged request for an attorney "express[ed] an unequivocal request for counsel."
 

 The right to counsel established in
 
 Miranda v. Arizona,
 

 384 U.S. 436
 
 , 469-73,
 
 86 S.Ct. 1602
 
 ,
 
 16 L.Ed.2d 694
 
 (1966), is "a ... procedural safeguard [meant] ... to insure that the right against self-incrimination was protected."
 
 Davis v. United States,
 

 512 U.S. 452
 
 , 457,
 
 114 S.Ct. 2350
 
 ,
 
 129 L.Ed.2d 362
 
 (1994) (citing
 
 Michigan v. Tucker,
 

 417 U.S. 433
 
 , 443-444,
 
 94 S.Ct. 2357
 
 ,
 
 41 L.Ed.2d 182
 
 (1974)). In
 
 Edwards v. Arizona,
 

 451 U.S. 477
 
 ,
 
 101 S.Ct. 1880
 
 ,
 
 68 L.Ed.2d 378
 
 (1981), the United States Supreme Court established an additional protection for suspects, holding that if, in the course of interrogation, a suspect
 
 affirmatively
 
 invokes his right to counsel, "questioning must cease."
 
 Davis,
 

 512 U.S. at 461
 
 ,
 
 114 S.Ct. 2350
 
 . However, "after a knowing and voluntary waiver of the
 
 Miranda
 
 rights, law enforcement officers may continue questioning until and unless the suspect clearly requests an attorney."
 

 Id.
 

 In
 
 Davis,
 
 the United States Supreme Court addressed on the merits, the issue of "ambiguous or equivocal references to counsel during custodial interrogation."
 

 Id
 

 . at 456
 
 ,
 
 114 S.Ct. 2350
 
 . The Court noted that a suspect has the burden to "unambiguously request counsel" because "the primary protection afforded suspects subject to custodial interrogation is the
 
 Miranda
 
 warnings themselves."
 

 Id.
 

 at 459-60
 
 ,
 
 86 S.Ct. 1602
 
 . Thus, a law enforcement officer conducting a custodial interrogation meets his obligation under
 
 Miranda
 
 when he advises a suspect of his right to counsel.
 

 [I]f a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect
 
 might
 
 be invoking the right to counsel, our precedents do not require the cessation of questioning.
 

 Id.
 

 at 459
 
 ,
 
 86 S.Ct. 1602
 
 . Because the officer's responsibility to discontinue interrogation is triggered by the suspect's assertion of his
 
 Miranda
 
 right, that assertion must be "unambiguous."
 

 Id.
 

 at 459
 
 ,
 
 86 S.Ct. 1602
 
 . In short,
 

 the police must respect a suspect's wishes regarding his right to have an attorney present during custodial interrogation, [b]ut when the officers conducting the questioning reasonably do not know whether or not the suspect wants a lawyer, a rule requiring the immediate cessation of questioning would transform the
 
 Miranda
 
 safeguards into wholly irrational obstacles to legitimate police investigative activity.
 

 Id.
 

 at 460
 
 ,
 
 86 S.Ct. 1602
 
 (citation and internal quotation marks omitted). The
 
 Davis
 
 Court noted that, "if we were to require questioning to cease if a suspect makes a statement that
 
 might
 
 be a request for an attorney, ... [p]olice officers would be forced to make difficult judgment calls about whether the suspect in fact wants a lawyer[,] ... with the threat of suppression if they guess wrong."
 

 Id
 

 . at 461
 
 ,
 
 114 S.Ct. 2350
 
 .
 

 We applied
 
 Davis
 
 in
 
 Commonwealth v. Redmond,
 

 264 Va. 321
 
 , 324, 328-30,
 
 568 S.E.2d 695
 
 , 696, 698-99 (2002), where the defendant moved to suppress a confession he made during a custodial interrogation claiming that he had invoked his right to counsel. After the defendant was advised of his Miranda rights, a police detective began interrogation. At some point, the defendant asked, "Can I speak to my lawyer? I can't even talk to lawyer before I make any kinds of comments or anything?"
 
 Id.
 
 at 325,
 
 568 S.E.2d at 697
 
 . The detective responded,
 

 You can do anything you like.... You have the freedom to do anything you want .... to go to sleep right now if you want to do that.... You have the freedom to sit here and talk to me.... The point is ... this is your opportunity [to give your side of the story]; this is your time. There ain't tomorrow, there ain't later. Okay? There's not later. There is no later. And I'm trying, I'm trying to give you ...
 

 the opportunity to help yourself out a little bit.
 

 Id.
 
 at 325-26,
 
 568 S.E.2d at 697
 
 . The defendant never reasserted his request. Citing the holding of
 
 Davis,
 
 this Court determined that the defendant's statements in
 
 Redmond
 
 "were not a clear and unambiguous assertion of his right to counsel."
 
 Id.
 
 at 330,
 
 568 S.E.2d at 700
 
 .
 

 We noted in
 
 Redmond
 
 the Supreme Court's refusal in
 
 Davis
 
 "to adopt a rule requiring officers to ask clarifying questions" to determine if a suspect's statement is a request for counsel.
 

 Id.
 

 The
 
 Davis
 
 Court explained, however, that "[c]larifying questions help protect the rights of the suspect by ensuring that he gets an attorney if he wants one."
 
 Davis,
 

 512 U.S. at 461
 
 ,
 
 114 S.Ct. 2350
 
 .
 

 In this case, the interrogating officer did follow up Hilliard's question, "Can I get a lawyer in here?" with a clarifying question: "Do you want to do that?" Rather than responding affirmatively, Hilliard continued,
 

 I already have a lawyer. I mean, I can talk to you, don't get me wrong. But I just want to make sure I don't, like I said before, just jam myself up. And I'll tell you everything that I know. This is my word.
 

 The officer gave Hilliard the opportunity to clearly request an attorney, but Hilliard did not.
 

 In my view, the majority's determination that Hilliard unequivocally requested counsel is inconsistent with this Court's holding in
 
 Redmond
 
 and at odds with the guidance from the United States Supreme Court in
 
 Davis.
 
 Taken in full context, Hilliard's question "Can I get a lawyer in here?" is no more an "unambiguous or unequivocal request for counsel" than Redmond's "Can I speak with my lawyer?" If anything, the defendant's comments in
 
 Redmond
 
 were a stronger indication of a possible request for counsel than Hilliard's general inquiry in this case.
 

 Redmond, arguably, was asking for "my lawyer" while Hilliard was generically asking whether he had the right to speak to "a lawyer," a right previously and immediately thereafter explained to him. Further, the detective interrogating Redmond steered him away from his initial question and emphasized the importance of continuing with the interrogation, while the officer questioning Hilliard gave him an immediate opportunity to make his request clear. The suppression of Hilliard's admission does not comport with our decision to affirm the admissibility of Redmond's confession.
 

 Judge Clements' dissenting opinion in the Court of Appeals succinctly states the deficiency in concluding that Hilliard's third alleged request for an attorney was unequivocal under
 
 Davis
 
 or
 
 Redmond.
 

 [The third alleged request] is no less equivocal than his first two purported requests for counsel or the defendant's question in
 
 Redmond
 
 .... At best, a [n] ... officer... would have understood only that Hilliard
 
 might
 
 be invoking the right to counsel. Likewise, Hilliard's statements and actions in response to the detective's follow-up clarifying question ... were equivocal. Instead of directly answering the detective's question in the affirmative, Hilliard again merely expressed his reservation about the wisdom of continuing the interrogation without consulting a lawyer and continued talking to the detectives in a manner that did not clearly and unambiguously communicate a desire to invoke his right to counsel.... [B]ecause the likelihood that a suspect would wish counsel to be present is not the test for applicability of the rule requiring cessation of the interrogation if the suspect requests counsel, Hilliard's reference to a lawyer, like those of the defendants in
 
 Davis
 
 and
 
 Redmond,
 
 fell short of requesting counsel in a clear and unambiguous manner.
 

 Hilliard v. Commonwealth,
 

 43 Va.App. 659
 
 , 686-87,
 
 601 S.E.2d 652
 
 , 665-66 (2004) (Clements, J., concurring and dissenting).
 

 The
 
 Davis
 
 court clearly stated the basis for the rule that a request for counsel be unambiguous and unequivocal because it provides
 

 a bright line that can be applied by officers in the real world of investigation and interrogation without unduly hampering the gathering of information. But if we were to require questioning to cease if a suspect
 makes a statement that might be a request for an attorney, this clarity and ease of application would be lost.
 

 Davis,
 

 512 U.S. at 461
 
 ,
 
 114 S.Ct. 2350
 
 .
 

 By permitting Hilliard's equivocal request to stand as the basis for sustaining his motion to suppress, I believe the majority's opinion will obscure a "bright line" for future cases and foster the ambiguity
 
 Davis
 
 sought to constrain. Accordingly, I respectfully dissent and would reverse that part of the judgment of the Court of Appeals holding that the trial court erred in denying Hilliard's motion to suppress.